FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**   20 APR -9 PM 3: 48

CLERK-ALBUQUERQUE /mn

DAVID WARNER
    PLAINTIFF/PETITIONER,

            Vs.                          Case No. 20 cv 321 GJF

CITY OF ROSWELL, AND MAYOR
DENNIS J. KINTIGH IN HIS PERSONAL
AND OFFICIAL CAPACITY,
ROSWELL POLICE DEPARTMENT,
CHIEF OF POLICE PHILIP SMITH, IN
HIS PERSONAL AND OFFICIAL CAPACITY,
ROSWELL POLICE OFFICER JOEL SMOYER
IN HIS PERSONAL AND OFFICIAL CAPACITY,
ROSWELL ATTORNEY PAUL SÁNCHEZ,
MUNICIPAL COURT JUDGE LOU MALLION IN
HIS PERSONAL AND OFFICIAL CAPACITY,
MUNICIPAL COURT JUDGE ERIC BRACKEEN
IN HIS PERSONAL AND OFFICIAL CAPACITY.
MUNICIPAL COURT CLERK JANE DOE,
        DEFENDANT'S/RESPONDANTS.

                    **COMPLAINT**

COMES NOW, David Warner- plaintiff/petitioner with his Complaint pursuant to

Title 42 U.S.C. § 1983 for United States Constitutional Violations, Damages

and Declaratory Relief against Defendants while acting under color of law, City of

Roswell a Municipality, Chief of Police Philip Smith, Roswell Police Officer Joel

Smoyer, Dennis J. Kintigh, Mayor of the City of Roswell, Municipal Court Judge

Eric Brackeen, Municipal Court Judge Lou Mallion, Municipal Court Judge Clerk

                        1

Jane Doe for their deliberate indifference, class-based animus (that being pro se),

unconstitutional implementing and execution of their policy, custom, ordinance,

regulation, and decisions officially adopted by that body's officers for redress of

violations under color of law and rights guaranteed to plaintiff by the Constitution

of the United States and the Constitution of the State of New Mexico.

## JURISDICTION AND VENUE

1. Plaintiff is a citizen of the United States and a resident of the state of New

Mexico.

2. This is a Civil rights Action for money damages pursuant to Title 42 U.S.C. §

1983 to redress violations under color of law and rights guaranteed to plaintiff by

the Constitution of the United States and the Constitution of the State of New

Mexico.

3. Defendant City of Roswell a Municipality, is a government entity that is a duly

political subdivision of the State of New Mexico and as such is properly subject to

suit in this Court.

4. Defendant Roswell Chief of Police Philip Smith, Roswell Police Department,

128 W. Second Street, Roswell, NM 88201, Phone: (575) 624-6770, in his

personal, official, and supervisory capacity is an employee for the city of Roswell

and to the best of plaintiff's knowledge resides in Roswell N.M.

5. Defendant Roswell Police Officer Joel Smoyer, Roswell Police Department, 128 W. Second Street, Roswell, NM 88201, Phone: (575) 624-6770, in his personal and official capacity is and employee for the city of Roswell and to the best of plaintiff's knowledge resides in Roswell N.M.

6. Defendant Dennis J. Kintigh, Mayor of the City of Roswell in his personal and official capacity and to the best of plaintiff's knowledge resides in Roswell N.M.

7. Defendant Municipal Court Judge Eric Brackeen in his personal and official capacity to the best of plaintiff's knowledge resides in Roswell, N.M.

8. Defendant Municipal Court Judge Lou Mallion in his personal and official capacity to the best of plaintiff's knowledge presides in Roswell, N.M.

9. Defendant Municipal Court Judge Clerk Jane Doe in her personal and official capacity to the best of plaintiff's knowledge resides in Roswell, N.M.

10. Defendants City of Roswell Mayor Dennis J. Kintigh, Roswell Chief of Police Smith, Roswell Police Officer Joel Smoyer, Municipal Court Judge Clerk Jane Doe Municipal Court Judge Eric Brackeen and Municipal Court Judge Lou Mallion (herein to be known as Defendants) while acting under color of law did violate plaintiff's First Amendment Right to Free Speech, Fifth Amendment Right to Due Process, Sixth Amendment Right to confront witness(es), Fourteenth Amendment Right to Due Process and equal protection, access to the court(s), right to confront

witness(es), deliberate indifference, class-based animus (that being pro se

defendants), unconstitutional implementing and execution of their policy, custom,

ordinance, regulation, failure to train/supervise and decisions officially adopted by

Police Officers, Officers of the Court and municipal employees which were

extreme and outrageous under the circumstances causing plaintiff extreme

emotional distress lasting for several years.

11. This cause arises under Title 42 U.S.C. Section 1983 and 1985, therefore, this

Court has jurisdiction over the instant matter pursuant to 28 U.S.C. Sections 1343

And 1331.

## FACTS

12. Plaintiff re alleges and restates above paragraphs 1-11.

13. On March 12, 2017, plaintiff was cited into Municipal Court by way of three

traffic citations.

14. On March 21, 2017, plaintiff filed "*Demand for Discovery*" pursuant to "*Brady

v. Maryland, 373 U.S. 83 (1963), Giles v. Maryland, 386 U.S. 66 (1967) and

United State v Agurs, 427 U.S. 97 (1976) and NMRA 1978 § 8-504*", in the

Roswell Municipal Court.

15. On April 17, 2017, plaintiff was to do an interview with Roswell Police Officer

4

Joel Smoyer at the Roswell Public Library and accompanied by City Attorney Paul

Sanchez. This interview did not take place due to Officer Smoyer refusing to give a

statement to plaintiff while being recorded in violation of plaintiff's Rights.

Furthermore, at this time Counsel for the City of Roswell provided plaintiff with a

manila envelope containing several documents as discovery one day prior to trial

in violation of *NMRA 1978 8-504. A. Disclosure by state. Not less than ten (10)*

*days before trial,...*

16. On April 18, 2017, plaintiff filed "*Motion in Limine*" and "*Verified Notice of*

*Due Process and Rule Violations with Supporting Affidavit's*" in the Roswell

Municipal Court.

17. On April 18, 2017, trial was held in Municipal Court and plaintiff was found

guilty of three municipal traffic ordinance violations.

18. During the proceedings in Municipal Court, plaintiff was not allowed to file an

"*Application for Free Process and Affidavit of Indigency*" "*Motion to Compel*" or

subpoenas by the Head Court Clerk and Municipal Court Judge Eric Brackeen.

19. On April 26, 2017, plaintiff timely filed a "*Verified Motion for De Novo Review*

*of Municipal Court's Deprivation of Defendant's Rights*"/ Appeal, with the Fifth

Judicial District Court, but the Court Clerk then retrieved the Appeal and whited

out the file stamp and did not allowed plaintiff to file the Appeal until plaintiff's

"*Application for Free Process and Affidavit of Indigency*" was granted or as the

Clerk stated to plaintiff, plaintiff could pay for the appeal.

20. On June 20, 2017, plaintiff was finally allowed to file his "*Verified Motion for

De Novo Review of Municipal Court's Deprivation of Defendant's Rights*"/ Appeal.

21. On December 19, 2017, plaintiff was tried and found guilty in the Fifth Judicial

Court for violation of three municipal traffic ordinances.

22. On February 27, 2018, "*Judgment and Sentence*" was imposed by the Fifth

Judicial District Judge Freddie J. Romero.

23. On March 23, 2018, plaintiff timely filed "*Notice of Appeal*" in the Court of

Appeals for the State of New Mexico.

24. On October 17, 2018, "*Notice of Proposed Summary Disposition*" was filed by

the New Mexico Court of Appeals.

25. On November 11, 2018 "*Memorandum Opinion*" was filed by the New Mexico

Court of Appeals in favor of plaintiff for discovery violations and plaintiff's

"*Motion In Limine*" filed in Municipal Court.

26. New Mexico Court of Appeal Chief Judge Linda M. Vanzi reversed and

remanded the case back to the Fifth Judicial District Court for appropriate

consideration on the merits.

27. On February 19, 2019, "*Mandate to District Court Clerk*" was filed by Chief

6

clerk of the Court of Appeal Mark Reynolds.

28. On July 17, 2019 "Notice of Non-Jury Trial" was set for July 26, 2019 at

9:00 a.m. before the Honorable Thomas E. Lilley Fifth Judicial District Judge.

29. On August 7, 2019, "*Order Granting Defendant's*" "*Verified Motion for De*

*Novo Review of Municipal Court's Denial of Defendant's Rights*" was granted to

plaintiff stating in part that:

> "*denial of an interview materially prejudiced the Defendant's ability to
> prepare for trial and constituted a denial of due process; and As sanction...
> Officer Smoyer should be excluded from testifying at trial in Roswell
> Municipal Court...*".

30. On February 20, 2020, "Notice of Dismissal" was filed in Municipal Court by

City Attorney Parker W. Patterson.

31. These actions by Defendants while acting under color of law did cause

plaintiff to be damaged (documents should be in the Fifth Judicial District Court

Record Proper), where plaintiff was cited into Municipal Court, found guilty,

appealed to District Court where lower court's ruling was affirmed then appealed to

the Court of Appeals of New Mexico NO. A-1-CA-37249 where conviction was

reversed.

32. As a result of the City of Roswell, Roswell Police Department and the

Municipal Court's unconstitutional implementing and execution of their policies,

customs, ordinances, regulations, failure to train/supervise and decisions they have

allowed or adopted have been implemented against other pro se defendant denying

them their Due Process Rights as well as other Rights.

## FIRST CAUSE OF ACTION

32. Plaintiff re alleges and restates above paragraphs 1-31.

33. Plaintiff was denied his right to confront witness(es) under the confrontational

clause of the constitution when Officer Joel Smoyer refused to be interviewed and

give statement. The Confrontation Clause of the Sixth Amendment guarantees all

criminal defendants, state and federal, the right 'to be confronted with the

witness(es) against' them.".

34. The actions by Officer Smoyer were supported by City Attorneys Paul

Sanchez, Jonathan e. Roehlk, Aaron S. Holloman and Municipal Judges Eric

Brackeen and Lou Mallion by there agreement to continue prosecuting plaintiff.

## SECOND CAUSE OF ACTION

35. Plaintiff re alleges and restates above paragraphs 1-34.

36. On April 17, 2017, one day prior to trial in Municipal Court, Defendant Officer

Joel Smoyer was scheduled to be interviewed by plaintiff at the Roswell Public

Library.

8

37. Plaintiff was first to arrive at the library and was setting up his recording equipment when Officer Smoyer arrived accompanied by Roswell City Attorney Paul Sanchez. Upon seeing plaintiff with the recording equipment Officer stated that he would not provide any statements nor conduct an interview while being recorded. Plaintiff stated that he would continue to record at which time Officer Smoyer and city attorney decided to leave.

38. Officer Smoyer's refusal to provide and interview or to have plaintiff take his statement denied plaintiff his Right to Due Process causing plaintiff damages.

## THIRD CAUSE OF ACTION

39. Plaintiff re alleges and restates above paragraphs 1-38.

40. The failure to act of defendants City of Roswell and Mayor of Roswell, Dennis J. Kintigh and Roswell Chief of Police Philip Smith, and Officer Joel Smoyer deprived the plaintiff of his particular rights under the laws of the United States and the United States Constitution by denying plaintiff his right to Due Process.

41. The City of Roswell, Mayor Dennis J. Kintigh and Chief of Police Philip Smith and Officer Smoyer acted under color of state law.

42. The training policies of the defendant City of Roswell, Mayor Dennis J. Kintigh, Roswell Police Department and Chief of Police Philip Smith were not adequate to prevent violations of law by its employees train its police officers to

9

handle the usual and recurring situations with which they must deal with.

43. The defendant City of Roswell, Mayor Dennis J. Kintigh and Roswell Police Department, Chief of Police Philip Smith was deliberately indifferent to the substantial risk that its policies were inadequate to prevent violations of law by its employees known or obvious consequences of its failure to train its police officers employees adequately.

44. The failure of the defendant City of Roswell, Mayor Dennis J. Kintigh, Roswell Police Department and Chief of Police Philip Smith to prevent violations Of laws and rights by its employees to provide adequate training caused the deprivation of the plaintiff's rights by the Officer Joel Smoyer; that is, the defendant's failure to prevent violations of law by its employees to train is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

## FOURTH CAUSE OF ACTION

44. Plaintiff re alleges and restates above paragraphs 1-43.

45. Defendant Roswell Police Officer Joel Smoyer acted under color of law.

46. City and Mayor of Roswell and Roswell Chief of Police acted under color of state law;

47. The acts and failure to act by defendants City and Mayor of Roswell and Chief of Police deprived the plaintiff of his particular rights under the laws of the United

States Constitution by their unconstitutional implementing and execution of their policies, customs, ordinances, regulations, failure to train and supervise.

48. The Defendants City and Mayor of Roswell and Roswell Chief of Police acted pursuant to an expressly adopted official policy or a widespread or longstanding practice or custom of the defendant Officer Joel Smoyer.

49. The defendants City and Mayor of Roswell and Roswell Chief of Police official policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by the Officer Joel Smoyer that is, the Defendants City and Mayor of Roswell and Roswell Chief of Police official policy or widespread or longstanding practice or custom is so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

## FIFTH CAUSE OF ACTION

49. Plaintiff re alleges and restates above paragraphs 1-49.

50. Plaintiff was engaged in a constitutionally protected activity of recording in a public area of a public official that being Roswell Police Officer Joel Smoyer.

51. Defendant's actions against plaintiff would chill a person of ordinary firmness from continuing to engage in the protected activity.

52. Plaintiff's protected activity was a substantial or motivating factor in the defendant's conduct.

53. As a result of defendant's action plaintiff was damaged.

WHEREFORE, based on the foregoing, Plaintiff demands trial by jury on all

issues triable by jury; request compensation in the amount(s) to be proven at trial

by the jury to fully compensate Plaintiff for his damages including but not limited

to damages of rights guaranteed by the United States Constitution, punitive

damages; request an order from this Honorable Court for injunction

against Defendant City of Roswell and other Defendants as necessary in order that

the Rights of others similarly situated are not violated and Police Officers are

properly trained, Attorneys fees, and plaintiff reserves the right to amend complaint

as provided by the rules and authority and any other or further relief deemed

necessary and just.

Submitted by;

David Warner-plaintiff
4703 West Deming St.
Roswell, N.M 88203
Message Ph# (575) 914-0147
Email formyjitos@gmail.com

12