## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

DAVID WARNER,

        Plaintiff,

v.                                        No. 2:20-cv-00321-RB-GJF

CITY OF ROSWELL, et al.,

        Defendants.

### ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS

**THIS MATTER** comes before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Long Form Application"), filed May 13, 2020. (Doc. 7.) Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) ("Short Form Application") on April 9, 2020. (*See* Doc. 3.) The Court notified Plaintiff that the Court requires plaintiffs seeking to proceed without prepaying fees to file the Long Form Application, because the Short Form Application does not provide sufficient information for the Court to determine whether a plaintiff is unable to pay the required fees. (*See* Doc. 4.) The Court directed the Clerk to send Plaintiff a Long Form Application and notified Plaintiff that failure to timely file a Long Form Application may result in denial of the motion to proceed *in forma pauperis.*

Because Plaintiff did not file the Long Form Application before the May 1, 2020, deadline, the Court denied Plaintiff's Short Form Application to proceed *in forma pauperis* and ordered Plaintiff to either pay the filing fee or show cause why the Court should not dismiss this case for Plaintiff's failure to pay the filing fee. (*See* Doc. 5.) On the same day the Court filed this order, Plaintiff faxed his Long Form Application to the Court. (*See* Doc. 7.) Plaintiff did not know at that time that the Court had ordered Plaintiff to pay the filing fee or show cause because Plaintiff receives filed documents by postal mail. Plaintiff attached a "Verified Letter" to his Long Form

Application stating that he did not receive the Court's Order to file the Long Form Application until May 9, 2020, which is eight days after the deadline for filing the Long Form Application.

Plaintiff has shown good cause for not filing the Long Form Application by the May 1, 2020, deadline. The Court vacates its order requiring Plaintiff to pay the filing fee.

**Application to Proceed In Forma Pauperis**

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 F. App'x. 879, 884 (10th Cir. 2010) (quoting *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." *Scherer v. Kansas*, 263 F. App'x. 667, 669 (10th Cir. 2008) (citing *Holmes* v. *Hardy*, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

Plaintiff signed an affidavit declaring that he is unable to pay the costs of these proceedings

2

and stated: (i) his average monthly income amount during the past 12 months was $244.00 to $294.00; (ii) his monthly expenses total $295.00; and (iii) he has $1039.00 in cash from a stimulus check and no money in bank accounts. The Court grants Plaintiff's Application because he signed an affidavit declaring that he is unable to pay the costs of these proceedings and because his monthly expenses exceed his low monthly income.

Because it is granting Plaintiff's Long Form Application, the Court denies Plaintiff's Verified Motion for Enlargement of Time as moot.

**The Complaint**

Plaintiff, who received three traffic citations, arranged to interview Defendant Roswell Police Officer Smoyer prior to the trial in municipal court. (*See* Doc. 1 (Compl. at 4–5.) Defendant Smoyer refused to be interviewed by Plaintiff prior to the trial. (*See id.* at 5.) Plaintiff also alleges he was not allowed to file certain documents in municipal court and was subsequently found guilty. (*Id.*)

On appeal of the municipal court ruling, Plaintiff was found guilty in the Fifth Judicial District Court. (*See id.* at 6.) The New Mexico Court of Appeals reversed and remanded the case back to the Fifth Judicial Court. (*See id.*) The Fifth Judicial District Court found that the denial of an interview with Defendant Smoyer prejudiced Plaintiff's "ability to prepare for trial and constituted a denial of due process; and as sanction . . . Officer Smoyer should be excluded from testifying at trial in Roswell Municipal Court." (*Id.* at 7.) A "Notice of Dismissal was filed in Municipal Court by City Attorney Parker W. Patterson." (*Id.*)

Plaintiff asserts five causes of action seeking monetary damages pursuant to 42 U.S.C. § 1983 and an "injunction against Defendant City of Roswell and other Defendants as

necessary in order that the Rights of others similarly situated are not violated and Police Officers are properly trained." (*Id.* at 12.)

The Complaint fails to state a claim for a violation of Plaintiff's Sixth Amendment right to confront witnesses arising from Defendant Smoyer's refusal to be interviewed before trial. The Sixth Amendment gives defendants the right to confront witnesses at trial.

> The Sixth Amendment's Confrontation Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court has identified "two broad categories" of Confrontation Clause cases. *See Delaware v. Fensterer*, 474 U.S. 15, 18 (1985) (per curiam).
>
> "The first category reflects the [Supreme] Court's longstanding recognition that the literal right to 'confront' the witness **at the time of trial** forms the core of the values furthered by the Confrontation Clause." *Id.* (quotations omitted) . . .
>
> The "second category" arises when, "although some cross-examination of a prosecution witness was allowed, the trial court did not permit defense counsel to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness." *Id.* at 19 (quotations omitted). Put another way, confrontation problems arise in the second category of cases when cross-examination restrictions "effectively emasculate the right of cross-examination itself." *Id.* (quoting *Smith v. Illinois*, 390 U.S. 129, 131 (1968)).

*United States v. Gutierrez de Lopez*, 761 F.3d 1123, 1139-1140 (10th Cir. 2014) (emphasis added). Plaintiff alleges that he was denied an interview with Defendant Smoyer **prior** to the trial, but has not alleged that he was denied the right to confront Defendant Smoyer **at** trial.

The Complaint fails to state a procedural due process claim arising from Defendant Smoyer's refusal to be interviewed by Plaintiff. "[T]o state a procedural due process claim, a plaintiff must establish (1) the deprivation of (2) a constitutionally cognizable liberty or property interest, (3) without adequate due process procedures." *Abdi v. Wray*, 942 F.3d 1019, 1031 (10th Cir. 2019). "The Fourteenth Amendment protects individuals against deprivations of liberty

4

without due process of law. U.S. Const. amend. XIV, § 1. If a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements." *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013). Although the Complaint alleges that Defendant Smoyer deprived Plaintiff of his "right" to a pretrial interview, the Complaint also alleges that the deprivation was remedied through the state-court appellate procedure.

"[A] plaintiff states a valid substantive due process claim under the Fourteenth Amendment" "[b]y satisfying either the 'fundamental right' or the 'shocks the conscience' standard[] . . . ." *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008). The Complaint describes the alleged due process violation as "Officer Smoyer's refusal to provide an interview." (Compl. ¶ 38.) The Complaint does not contain any allegations which indicate that Defendant Smoyer's refusal to be interviewed deprived Plaintiff of any rights secured by the Constitution or federal law or was so egregious as to shock the judicial conscience. Thus Plaintiff fails to state a claim for substantive due process.

The Complaint fails to state a claim under 42 U.S.C. § 1983 against Defendant City of Roswell for its alleged "adopted official policy or a widespread or longstanding practice or custom of the defendant Officer Joel Smoyer." (Compl. ¶ 48.) "To hold a local government liable under § 1983, a plaintiff must prove: "(1) a municipal employee committed a constitutional violation, and (2) a municipal policy or custom was the moving force behind the constitutional deprivation." *McLain v. Sheriff of Mayes Cty.*, 595 F. App'x. 748, 753–754 (10th Cir. 2014) (citing *Myers v. Okla. Cty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1318 (10th Cir. 1998); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The only factual allegation regarding the "adopted official

5

policy or a widespread or longstanding practice or custom of the defendant Officer Joel Smoyer"
is that Defendant Smoyer refused to be interviewed by Plaintiff. "A 'single isolated incident' does
not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v.
Tuttle*, 471 U.S. 808, 821 (1985)).

The Complaint fails to state claims for failure to train and supervise because it does not
allege a pre-existing pattern of violations or that any "violation of federal rights is a 'highly
predictable' or 'plainly obvious' consequence of a municipality's action or inaction." *Waller v.
City & Cty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (quotation omitted). "[F]or claims of
inadequate hiring, training, or other supervisory practices, a plaintiff 'must demonstrate that the
municipal action was taken with "deliberate indifference" as to its known or obvious
consequences." *Id.* (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 407
(1997)). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal
actor disregarded a known or obvious consequence of his action . . . ." *Id.* (quoting *Connick v.
Thompson*, 563 U.S. 51, 61 (2011)). "The deliberate indifference standard may be satisfied when
the municipality has actual or constructive notice that its action or failure to act is substantially
certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard
the risk of harm." *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). "In
most instances, notice can be established by proving the existence of a pattern of tortious conduct."
*Id.* (quoting *Barney*, 143 F.3d at 1307). "Deliberate indifference may be found absent a pattern of
unconstitutional behavior only in a narrow range of circumstances where a violation of federal
rights is a highly predictable or plainly obvious consequence of a municipality's action or
inaction." *Id.* (quotation marks and citation omitted).

When considering a failure to train theory of liability, the Court is "mindful of the Supreme Court's warning that '[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.'" *Id.* at 1285 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). "To satisfy the stringent deliberate indifference standard, '[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary': 'Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.'" *Id.* (quoting *Connick*, 563 U.S. at 62) (internal quotation marks omitted). "Evidence of a pre-existing pattern of violations is only unnecessary in a narrow range of circumstances, however rare, in which the unconstitutional consequences of a failure to train are highly predictable and patently obvious." *Id.* (quoting *Connick*, 563 U.S. at 63–64) (quotation marks omitted). Here, the only allegations regarding the alleged failure to train are conclusory: (i) "The training policies . . . were not adequate . . . to handle the usual and recurring situations with which [the employees] must deal with;" (ii) Defendants were "deliberately indifferent to the substantial risk that [their] policies were inadequate to prevent violations of law by its employees known or obvious consequences of its failure to train its police officers adequately;" and (iii) "The failure of [Defendants] . . . to provide adequate training caused the deprivations of Plaintiff's rights." (Compl. at 9–10.) There are no factual allegations showing a pre-existing pattern of violations by other untrained employees; there is only the allegation of the one incident of Defendant Smoyer refusing to be interviewed. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based … [and] in

analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations").

The Complaint fails to state a claim for money damages against Defendants Municipal Court Judge Eric Brackeen, Municipal Court Judge Lou Mallion, and Municipal Court "Judge Clerk" Jane Doe. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"); *Sawyer v. Gorman*, 317 F. App'x. 725, 728 (10th Cir. 2008) ("[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process.").

The Complaint fails to state a claim for an "injunction against Defendant City of Roswell and other Defendants as necessary in order that the Rights of others similarly situated are not violated and Police Officers are properly trained." (Compl. at 12.) "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*. The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that . . . the

action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 F. App'x. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of [*in forma pauperis*] can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim . . . only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").

While the Complaint can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service of Summons and Complaint on Defendants at this time because the Complaint fails to state a claim against the Defendants and Plaintiff has not provided addresses for all of the Defendants. The Court will order service if Plaintiff files: (i) an amended complaint that states a claim against Defendants; and (ii) a motion for service which provides Defendants' addresses.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

9

**(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

**(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)      The Court's Order filed May 11, 2020 (Doc. 5), instructing Plaintiff to pay the filing fee is **VACATED.**

(ii)     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Doc. 7) is **GRANTED.**

(iii)    Plaintiff's Verified Motion for Enlargement of Time, Doc. 8, filed May 21, 2020, is **DENIED as moot.**

(iv)    Plaintiff may, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.


_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE