IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WARNER,

        Plaintiff,

v.  No. 2:20-cv-00321-RB-GJF

CITY OF ROSWELL, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Amended Complaint, filed August 6, 2020 (Doc. 14), and Plaintiff's Motion for Service by U.S. Marshal with Amended Summons, filed September 11, 2020 (Doc. 15).

**I.**  **Background**

Plaintiff' original Complaint asserted five causes of action seeking monetary damages pursuant to 42 U.S.C. § 1983 and an injunction against Defendant City of Roswell and other Defendants in order that the Rights of others similarly situated are not violated, based on the following alleged facts. (*See* Doc. 1.) Plaintiff, who received three traffic citations, arranged to interview Defendant Roswell Police Officer Smoyer prior to a trial in municipal court. (*See id.* at 4–5.) Defendant Smoyer refused to be interviewed by Plaintiff while being recorded prior to the trial. (*See id.* at 5.) Plaintiff also was not allowed to file certain documents in municipal court and was subsequently found guilty. (*See id.* at 5.)

On appeal of the municipal court ruling, Plaintiff was found guilty in the Fifth Judicial District Court. The New Mexico Court of Appeals reversed and remanded the case back to the Fifth Judicial Court. The Fifth Judicial District Court found that the denial of an interview with Defendant Smoyer prejudiced Plaintiff's "ability to prepare for trial and constituted a denial of due process; and as sanction . . . Officer Smoyer should be excluded from testifying at trial in Roswell

Municipal Court." A "Notice of Dismissal was filed in Municipal Court by City Attorney Parker W. Patterson."

The Court explained why the Complaint failed to state a claim upon which relief can be granted and allowed Plaintiff to file an amended complaint. (*See* Doc. 9.) Despite the Court's explanation of why the original Complaint failed to state a claim, Plaintiff's Amended Complaint similarly fails to state a claim for many of the causes of action.

## II.     First Cause of Action

Plaintiff's First Cause of Action states: "Plaintiff was denied his right to interview Officer Joel Smoyer in order to take his statement pursuant to NMRA 8-504 D, due to Officer Smoyer's refusal to give a recorded statement, as well as City Attorney Paul Sanchez's refusal and their intentional infliction of emotional distress upon plaintiff." (Doc. 14 at 9, ¶ 35.) Plaintiff's First Cause of Action asserts claims pursuant to state law; it does not assert any claims pursuant to federal law.

## III.    Second Cause of Action

Plaintiff's Second Cause of Action asserts that Defendants Smoyer and Sanchez, by walking out of the interview, "misuse[d] the discovery process" and denied Plaintiff of his "Right to Due Process." (*Id.* at 10.)

> [T]o state a procedural due process claim, a plaintiff must establish (1) the deprivation of (2) a constitutionally cognizable liberty or property interest, (3) without adequate due process procedures." *Abdi v. Wray*, 942 F.3d 1019, 1031 (10th Cir. 2019). "The Fourteenth Amendment protects individuals against deprivations of liberty without due process of law. U.S. Const. amend. XIV, § 1. If a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements." *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013). . . .
> [A] plaintiff states a valid substantive due process claim under the Fourteenth

> Amendment, "[b]y satisfying either the "fundamental right" or the "shocks the conscience" standards." *Seegmiller v. LaVerkin City*, 528 F.3d 762, 767 (10th Cir. 2008).

(Doc. 9 at 4–5.)

Plaintiff's Second Cause of Action fails to state a procedural due process claim because the Amended Complaint alleges that the deprivation was remedied through the state-court appellate procedure. (*See* Doc. 14 at 7–8 (stating New Mexico Court of Appeals reversed Plaintiff's conviction and remanded case to state district court; a Notice of Dismissal was filed by the City Attorney).) Plaintiff's Second Cause of Action also fails to state a substantive due process claim because the Amended Complaint does not contain any allegations that Defendant Smoyer's refusal to be interviewed deprived Plaintiff of a fundamental right secured by the Constitution or federal law or was so egregious as to shock the judicial conscience.

### IV.   Third Cause of Action

Plaintiff's Third Cause of Action asserts that Defendants failed to "provide adequate training and supervision[,]" which "caused the deprivation of the plaintiff's rights by [Defendant] Officer Smoyer." (Doc. 14 at 11.)

> "[F]or claims of inadequate hiring, training, or other supervisory practices, a plaintiff 'must demonstrate that the municipal action was taken with "deliberate indifference" as to its known or obvious consequences." *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (quoting *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 407 (1997)). "Deliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action . . . ." *Id.* (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). "The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm." *Id.* (quoting *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998)). "In most instances, notice can be established by proving the existence of a pattern of tortious conduct." *Id.* (quoting *Barney*, 143 F.3d at 1307). "Deliberate indifference may be found

3

> absent a pattern of unconstitutional behavior only in a narrow range of circumstances where a violation of federal rights is a highly predictable or plainly obvious consequence of a municipality's action or inaction." *Id.* (quotation marks and citation omitted).
>
> When considering a failure to train theory of liability, the Court is "mindful of the Supreme Court's warning that '[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.'" *Id.* at 1285 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)). "To satisfy the stringent deliberate indifference standard, '[a] pattern of similar constitutional violations by untrained employees is ordinarily necessary': 'Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.'" *Id.* (quoting *Connick*, 563 U.S. at 62) (internal quotation marks omitted). "Evidence of a pre-existing pattern of violations is only unnecessary in a narrow range of circumstances, however rare, in which the unconstitutional consequences of a failure to train are highly predictable and patently obvious." *Id.* (quoting *Connick*, 563 U.S. at 63–64) (quotation marks omitted).

(Doc. 9 at 6–7.)

Plaintiff's Third Cause of Action fails to state a claim against the City of Roswell because it does not allege a pre-existing pattern of violations or that any violation of federal rights is a highly predictable or plainly obvious consequence of the City of Roswell's action or inaction.

## V.     Fourth Cause of Action

Plaintiff's Fourth Cause of Action asserts that certain Defendants' "policy or widespread or longstanding practice or custom caused the deprivation of the plaintiff's rights by [Defendant] Officer Joel Smoyer." (Doc. 14 at 12.) Plaintiff states that Defendant Smoyer's refusal to be interviewed by Plaintiff "is not the only incident that Roswell Police Officers have refused a pro se defendant the right to interview a witness" and "it has happened to other pro se defendants." (*Id.* at 5, ¶ 16, at 9, ¶ 35.)

> "To hold a local government liable under § 1983, a plaintiff must prove: '(1) a municipal employee committed a constitutional violation, and (2) a municipal

4

>policy or custom was the moving force behind the constitutional deprivation.'" *McLain v. Sheriff of Mayes Cty.*, 595 F. App'x. 748, 753–754 (10th Cir. 2014) (citing *Myers v. Okla. Cty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). The only factual allegation regarding the "adopted official policy or a widespread or longstanding practice or custom of the defendant Officer Joel Smoyer" is that Defendant Smoyer refused to be interviewed by Plaintiff. "A 'single isolated incident' does not prove the existence of an unconstitutional policy or custom." *Id.* (citing *City of Okla. City v. Tuttle*, 471 U.S. 808, 821 (1985)).

(Doc. 9 at 6.)

The Complaint fails to state a claim against Defendant City of Roswell due to the acts and the failure to act of Defendants Mayor, Chief of Police, and City Attorney. Plaintiff's conclusory allegation that there were other incidents where City police officers refused to be interviewed is not sufficient to establish the existence of an unconstitutional policy or custom. Plaintiff does not identify the number of such incidents, the persons involved or the date of such incidents. A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**VI.     Fifth Cause of Action**

Plaintiff's Fifth Cause of Action asserts that "Plaintiff was engaged in a constitutionally protected activity of recording in a public area of a public official" and that as "a result of defendants Roswell Police Officer Joel Smoyer and Paul Sanchez's actions plaintiff has been damaged." (Doc. 14 at 13.)

Plaintiff's Fifth Cause of Action fails to state a claim because there are no allegations that Defendants impermissibly prevented Plaintiff from recording in a public area. Nor are there any allegations that Plaintiff has a constitutional right to interview a police officer under such circumstances. (*See* Doc. 9 at 4 (explaining that the Sixth Amendment gives defendants a right to

5

confront witnesses "at trial," not prior to the trial).)

## VII. Sixth Cause of Action

Plaintiff's Sixth Cause of Action asserts that Defendants Municipal Court Judge Mallion, Judge Brakeen, and Municipal Court Head Clerk Jane Doe violated Plaintiff's right to free speech and due process "by not allowing plaintiff adequate, effective and meaningful ability to file pleadings and motions." (Doc. 14 at 14.)

> "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"); *Sawyer v. Gorman*, 317 F. App'x. 725, 728 (10th Cir. 2008) ("[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process.").

(Doc. 9 at 8.)

Plaintiff's Sixth Cause of Action fails to state a claim against Defendant Judges and Court Head Clerk because state court judges and clerks of court are immune from monetary damages claims for actions taken in their judicial capacity.

## VIII. Injunctive Relief

Plaintiff seeks an "injunction against Defendant City of Roswell and other Defendants as necessary in order that the Rights of others similarly situated are not violated and Police Officers are properly trained." (Doc. 14 at 15.)

The Amended Complaint fails to state a claim for injunctive relief regarding "others similarly situated because a "litigant may bring his own claims to federal court without counsel,

6

but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). (*See also* Doc. 9 at 8 (same).)

**IX.    Conclusion**

The Court dismisses Plaintiff's federal claims with prejudice for failure to state a claim upon which relief can be granted. Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims and dismisses this case. *See* 8 U.S.C. § 1367(c)(3) ("district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"). Because it is dismissing this case, the Court denies Plaintiff's motion for service as moot.

**IT IS ORDERED** that:

(i)   This case is **DISMISSED.** Plaintiff's federal-law claims are dismissed with prejudice. Plaintiff's state-law claims are dismissed without prejudice.

(ii)  Plaintiff's Motion for Service by U.S. Marshal with Amended Summons (Doc. 15) is **DENIED as moot.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE